UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY TITUS,                          :  Case No. 2:24-cv-3689
                                        :
        Petitioner,                     :
                                        :  District Judge Sarah D. Morrison
vs.                                     :  Magistrate Judge Kimberly A. Jolson
                                        :
WARDEN, SOUTHERN OHIO                   :
CORRECTIONAL FACILITY,                  :
                                        :
        Respondent.                     :

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition and Return of Writ, to which Petitioner did not reply. (*See* Doc. 1, 8). For the following reasons, the Undersigned **RECOMMENDS** that the Petition be denied.

## I.      PROCEDURAL HISTORY

### State Trial Proceedings

On September 17, 2020, the Pickaway County, Ohio, grand jury returned a seven-count indictment charging Petitioner with five counts of assault and two counts of felonious assault. (Doc. 7, Ex. 1).

After initially entering a not guilty plea, Petitioner withdrew his plea and pled guilty to five counts of assault. (Doc. 7, Ex. 2, 3). On January 22, 2021, the trial court accepted Petitioner's guilty plea and sentenced Petitioner to total aggregate prison sentence of fifty-seven months in the Ohio Department of Rehabilitation and Correction. (Doc. 7, Ex. 4). On February 1, 2021, the trial court issued a *nunc pro tunc* sentencing entry, specifying that Petitioner was to begin serving his

sentence upon completion of his then current sentence with the Department of Youth Services. (Doc. 7, Ex. 5 at PageID 63).

Petitioner did not appeal from his conviction and sentence.

### Judicial Release Motions

On December 20, 2022, Petitioner, through counsel, filed a motion for judicial release in the trial court. (Doc. 7, Ex. 6). By Order issued on March 28, 2023, the trial court denied Petitioner's motion with prejudice. (Doc. 7, Ex. 8).

On December 18, 2023, Petitioner filed a *pro se* motion for judicial release. (Doc. 7, Ex. 9). The trial court denied the motion on March 18, 2024. (Doc. 7, Ex. 11).

### Federal Habeas Corpus

On July 8, 2024, Petitioner filed the instant federal habeas corpus action.[1] (*See* Doc. 1 at PageID 15). Petitioner raises the following four grounds for relief in the petition:

**GROUND ONE**: MR. TITUS DIAGNOSED MENTAL ILLNESS

**Supporting Facts**: Mr. Titus has a history of childhood trauma that has been left untreated. He never learned the basic skills that he needed to function in society as an adult. Mr. Titus was moved from Foster home to Foster home, 10 in total and this had a damaging impact on him. He has never been able to obtain a job or even obtain a Driver's License. Mr. Titus had diagnosed Bipolar Disorder, PTSD and ADHD. He has feelings of hopelessness, shame and abandonment and needs help working though these emotions. Mr. Titus had to use a scribe in school because his brain was working at a rapid fire pace and he could not get what he thought on paper.

**GROUND TWO**: DIMINISHED CAPACITY

---

[1] The Petition was filed with the Court on July 12, 2024. (*See* Doc. 1). Petitioner avers, however, that he placed the Petition in the prison mailing system for delivery to the Court on July 8, 2024. (*See* Doc. 1 at PageID 15). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the Petition was "filed" on July 8, 2024.

**Supporting Facts**: Diminished Capacity was a mitigating factor because Mr. Titus acted under seriously reduced mental capacity also known as diminished capacity. The diminished capacity was a core component of the crime, which rendered the defendant unable to achieve the mental state required to commit the crime in question.

**GROUND THREE**: REHABILITATION

**Supporting Facts**: Mr. Titus has completed and earned his GED, Victim Awareness, Anger Management, Free As An Eagle, Drug Awareness, AA/NA meetings and is focusing on job experience for when he is released. He attends group therapy every other week and attends CBT classes. He has recently been moved from 4B to 4AT, but due to it being an unsafe environment, he had to return to 4B and the next step is a level 3 which will get him transferred to a better facility. Mr. Titus has not received a ticket or write up in 8 months.

**GROUND FOUR**: THIS WAS A RESULT OF AN UNTREATED MENTAL MANIC EPISODE

**Supporting Facts**: Mr. Titus has been diagnosed with Bipolar Disorder, PTSD and ADHD. During this instant offense he suffered a Manic Episode. All of the instant cases occurred within days of each other due to this mental health emergency. All of Mr. Titus' criminal history is a result of his untreated mental illness that has went untreated. Mr. Titus needs long term impatient mental health and substance abuse treatment, not prison.

(Doc. 1 at PageID 5–10).

Respondent has filed a Return of Writ in opposition to the Petition. Petitioner did not file a reply. According to Respondent, Petitioner's grounds for relief are time-barred, procedurally defaulted, and non-cognizable. (*See generally* Doc. 8).

## II. DISCUSSION

In Ground One of the Petition, Petitioner indicates that he has a history of childhood trauma and mental health issues. Petitioner raised this claim in his December 18, 2023, motion for judicial release, where he argued "[a]ll of Mr. Titus' criminal activity is due to his mental illness." (*See*

Doc. 7, Ex. 9 at PageID 86).  In Ground Two, Petitioner claims that his alleged diminished capacity "rendered the defendant unable to achieve the mental state required to commit the crime in question."  (Doc. 1 at PageID 7).  In Ground Four, Petitioner similarly claims that his offense was committed during a manic episode and was the result of untreated mental illness.  (*Id.* at PageID 10).  The Undersigned understands Grounds One, Two, and Four of the Petition to challenge, at least in part, Petitioner's underlying conviction and sentence based on his mental health or capacity.  Ground Three, by contrast, does not challenge Petitioner's underlying conviction and sentence.  Instead, it appears that Petitioner contends that his rehabilitation, job experience, and behavior justify judicial release.

For the reasons below, to the extent that Petitioner challenges his conviction and sentence in Grounds One, Two, and Four, his claims are time-barred.  To the extent that he otherwise contends that he should have been granted judicial release, as in Ground Three, Petitioner's claims are not cognizable in federal habeas corpus.

**A.**     **Grounds One, Two, and Four are Time-Barred.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Nothing in the record suggests that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to Grounds One, Two and Four of the Petition. Petitioner has not alleged that the State created an impediment preventing him from filing the instant Petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. *See* 28 U.S.C. §§ 2244(d)(1)(B), (C). Petitioner also would have known the facts underlying Grounds One, Two, and Four before his convictions became final or by the end of direct review. 28 U.S.C. § 2244(d)(1)(D). Consequently, his grounds for relief challenging his convictions and sentence are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when Petitioner's convictions became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), Petitioner's convictions became final on February 22, 2021, upon expiration of the 30-day period for filing an appeal as of right from the trial January 22, 2021, final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on February 23, 2021, the day after Petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 23, 2022, absent the

5

application of statutory or equitable tolling principles.[2]

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida*, 560 U.S. 631, 635 (2010); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

Petitioner is not entitled to statutory tolling based on his December 20, 2022, or December 18, 2023, motions for judicial release because the limitations period had already expired on February 23, 2022. *See id.* In any event, because Petitioner's judicial release motions did not seek review of his conviction and sentence, they would not serve to toll the limitations period in this case. *See Imburgia v. Bradshaw*, No. 1:09-cv-2009, 2010 WL 1628054, at *5 (N.D. Ohio Apr. 22, 2010) ("A motion for judicial release is not a collateral attack on the underlying conviction or

---

[2] As noted above, the trial court issued a *nunc pro tunc* judgment entry on February 1, 2021, specifying that Petitioner would begin to serve his sentence upon completion of his then current sentence with the Department of Youth Services. (*See* Doc. 7, Ex. 5 at PageID 63). Even assuming, without deciding, that the February 1, 2021 *nunc pro tunc* sentence was a "worse-than-before" sentence that operated to reset the statute of limitations, for the reasons stated below, Petitioner still filed too late. *See Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). *See also Freeman v. Wainwright*, 959 F.3d 226, 229-30 (6th Cir. 2016) ("[I]n *Crangle v. Kelly*, we extended [the principle that a full resentencing is a new judgment that resets the limitations period] to some limited resentencings, holding that a new, worse-than-before sentence amounts to a new judgment.") (internal quotation marks and citation omitted). In that case, Petitioner's convictions and sentence became final on March 3, 2021 (thirty days after the *nunc pro tunc* entry) and expired on March 4, 2022.

6

sentence, and thus does not toll the AEDPA statute of limitations."). *See also Rains v. Warden*, No. 1:16-cv-180, 2016 WL 6136993, at *6, n.8 (S.D. Ohio Oct. 20, 2016) (same) (collecting cases) (Report and Recommendation), *adopted* 2016 WL 6804950 (S.D. Ohio Nov. 16, 2016). The Petition is time-barred unless Petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not argued, much less demonstrated that he is entitled to equitable tolling in this case. Although Petitioner indicates that he has suffered from mental health issues in his grounds for relief, he has not demonstrated that his mental health prevented him from timely filing

7

his Petition.  *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (holding that mental incompetence or incapacity, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll the one-year limitations period).  To obtain equitable tolling on that basis, the petitioner must demonstrate that (1) he suffers a mental incompetence or incapacity, and (2) his mental incompetence or incapacity caused his failure to comply with the statute of limitations.  *Id*.  "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations.  Rather, a causal link between the mental condition and untimely filing is required."  *Id*. (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)).  Petitioner has made no showing that his mental health prevented him from filing a timely habeas petition.  The record before the Court otherwise fails to disclose a medical condition that prevented him from doing so or that any such impairment persisted from February 22, 2021, until February 22, 2022, when the limitations period expired, much less until July 8, 2024, when he filed his Petition.

In sum, Petitioner waited 1,232 days—from February 22, 2021, to July 8, 2024—to file his habeas Petition after his convictions and sentence became final.  Because Petitioner has not demonstrated that an extraordinary circumstance prevented him from filing timely or that he has diligently pursued his federal rights, Petitioner has failed to demonstrate that he is entitled to equitable tolling.

Finally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence.  "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'"

8

*McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  No such showing has been made in this case.

Petitioner is not entitled to federal habeas relief based on Grounds One, Two, or Four of the Petition.

### B.     Ground Three is not cognizable.

In Ground Three of the Petition, Petitioner asserts that he has completed multiple rehabilitative programs, earned his GED, and exhibited good behavior while imprisoned.  He raised these factors in support of his state-court motion seeking judicial release under Ohio Rev. Code § 2929.20.  (*See* Doc. 7, Ex. 6 at PageID 65).  To the extent that Petitioner—in Ground Three or his other grounds for relief—contends that the Ohio trial court erred or otherwise wrongly denied him judicial release, he fails to offer a cognizable claim in this federal habeas corpus proceeding.

This Court has jurisdiction to review Petitioner's claim only to the extent that Petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law."  28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  Because habeas review is limited to claims implicating federal concerns, the Court lacks jurisdiction to consider any claim that the trial court erred under Ohio Rev. Code § 2929.20 in denying his judicial release motion.

To the extent that Petitioner otherwise challenges the denial of his motion for judicial release, Petitioner's claims of error in the post-conviction proceedings fail to give rise to a

9

cognizable constitutional claim subject to review in this federal habeas proceeding.  *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("[H]abeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state postconviction proceedings[.]") (citing *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)).  *See also Harney v. Warden*, Case No. 1:22-cv-537, 2023 WL 5310114, at *6 (S.D. Ohio Aug. 17, 2023) ("Challenges to the denial of a motion for judicial release are not cognizable on federal habeas review because there is no federal constitutional right to early judicial release.") (Report and Recommendation), *adopted* 2023 WL 8936275 (S.D. Ohio Dec. 27, 2023) (quoting *McQuistan v. Sheldon*, No. 1:20-cv-656, 2023 WL 2634128, at *25 (N.D. Ohio Feb. 10, 2023); *Merriweather v. Brunsman*, Case No. 1:02-cv-369, 2006 WL 1698825, at *17 n.9 (S.D. Ohio Feb. 28, 2006) (finding that a claim challenging the denial of a motion for judicial release "fails to state a cognizable constitutional claim that may be redressed in this federal habeas corpus proceeding").  Thus, to the extent that Petitioner challenges the application of state law or alleged errors in the post-conviction proceedings he fails to state a cognizable claim for federal habeas relief.

In sum, the Undersigned concludes that Petitioner's challenges to his convictions and sentence in Grounds One, Two, and Four are time-barred.  To the extent that Petitioner otherwise contends that he should have been granted judicial release, as in Ground Three, his claims are not cognizable in federal habeas corpus.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Petition (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the Petition, which this Court has concluded are barred from review on a procedural

ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]  A certificate of appealability should also not issue with respect to the claims alleged in the Petition, which have been found to be non-cognizable on federal habeas corpus, because Petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack*, 529 U.S. at 484.

11

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:   January 8, 2026                        /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

12